IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

STEVEN D. MCLEMORE                                                                                                    PLAINTIFF

            v.                              CIVIL NO. 25-2041

FRANK BISIGNANO, Commissioner
Social Security Administration                                                                                       DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Steven D. McLemore, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his applications for DIB and SSI on July 30, 2021, alleging an inability to work since July 23, 2021, due to asthma, eczema, kidney problems, dyslexia, depression and anxiety. (Tr. 107, 343, 350). An administrative telephonic hearing was held on March 23, 2023, at which Plaintiff appeared with counsel and testified. (Tr. 47-77).

In a written decision dated June 29, 2023, the ALJ determined Plaintiff retained the residual functional capacity (RFC) to perform light work with limitations. (Tr. 150-165). Plaintiff requested review of the ALJ's decision on August 22, 20233. (Tr. 500-503). On December 18, 2023, the Appeals Council vacated the ALJ's decision dated June 29, 2023, and remanded

1

Plaintiff's case back to the ALJ to issue a new decision. (Tr. 171-173). A supplemental telephonic hearing was held on June 25, 2024. (Tr. 78-104).

By written decision dated July 16, 2024, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 20). Specifically, the ALJ found Plaintiff had the following severe impairments: asthma, a horseshoe kidney, anxiety, and depression. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 21). The ALJ found plaintiff retained the residual functional capacity (RFC) to

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except no ladders, ropes, scaffolds or unprotected heights; no motor vehicles; no concentrated exposure to dust, fumes or other pulmonary irritants; no extreme heat, humidity or cold; can understand, remember and carry out simple, routine, repetitive tasks; respond to usual work situations and routine work changes; occasional social interaction with the general public; frequent social interaction with co-workers and no limit on social interaction with supervisors.

(Tr. 23). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a sorter, a merchandise marker, and a collator operator. (Tr. 32).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on February 11, 2025. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 9, 11).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In his appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence. In making this claim, Plaintiff argues the following issues on appeal: 1) The ALJ medical evidence review and proposed RFC were deficient; and 2) The ALJ failed to evaluate medical equivalence. (ECF No. 9). Defendant argues the ALJ properly considered all the evidence, and that the decision is supported by substantial evidence. (ECF No. 11).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of the examining and non-examining agency medical consultants, Plaintiff's subjective complaints, his medical records. With each medical opinion, the ALJ stated how persuasive she found the opinion and articulated the basis for her finding. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet his burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). The

Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as a sorter, a merchandise marker, and a collator operator. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 11th day of September 2025.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE